IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE: BLOOD REAGENTS ANTITRUST LITIGATION | : | MDL No. 09-2081 |
| | : | |
| | : | ALL CASES |
| | : | |

## CASE MANAGEMENT ORDER NO. 1

**AND NOW**, this 19th day of January, 2010, **IT IS ORDERED** as follows:

**A.     Lead Counsel**

Spector Roseman Kodroff & Willis, P.C., were appointed Interim Lead Class Counsel for plaintiffs by Order dated December 23, 2009. The duties of Lead Counsel were set forth in Exhibit "A" to the December 23, 2009 Order.

**B.     Liaison Counsel:**

1.     Jeffrey J. Corrigan, Esquire, of the firm of Spector Roseman Kodroff & Willis, P.C., is appointed as liaison counsel for the putative plaintiff class. The duties of Liaison Counsel for the putative plaintiff class are set forth in the Court's December 23, 2009, Practice and Procedure Order, ¶8.

2.     Paul H. Saint-Antoine, Esquire, of the firm of Drinker Biddle & Reath, LLP, is appointed as Liaison Counsel for the defendants. The duties of Liaison Counsel for defendants are set forth on Exhibit "A."

**C.     Pleadings**

1.  Plaintiffs shall file their Consolidated Amended Complaint ("Complaint") on or before February 15, 2010. The Complaint shall supercede all complaints filed in the individual cases that have been consolidated, and that no response to the individual complaints shall be required.

2.  Defendants shall file and serve an answer or other response to the Complaint on or

before March 17, 2010.

### D. Motions to Dismiss

1. Any motions to dismiss shall be filed and served on or before March 17, 2010.

2. If a motion to stay discovery is filed, the time for responding to any motion to dismiss is extended until the Court rules on the stay motion or, if discovery is allowed, until discovery related to the motion to dismiss is completed.

### E. Discovery

1. Any motion to stay discovery shall be filed and served on or before March 17, 2010. The response to any motion to stay discovery shall be filed and served on or before April 16, 2010. Any reply to the response to any motion to stay discovery shall be filed and served on or before May 6, 2010.

2. Fact-discovery is stayed pending the Court's ruling on any motion to stay discovery filed by defendants, or until further order of this Court. This stay applies to discovery from defendants and to all other discovery.

3. The parties are relieved from any obligation to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), except that each party shall make any initial disclosures subject to paragraph (a)(i) of the Rule on the date the party serves its first response to interrogatories.

4. In the event a discovery dispute arises which the parties are unable to resolve, the party seeking the discovery shall write the Court briefly setting forth the issues in dispute. The letter to the Court shall describe the issue in dispute without advocating. The opposing party or parties shall respond briefly with no detail and designate to the Court in writing the counsel who will handle the dispute. The Court then will either schedule a conference to resolve the issue, which

may be held by telephone, or will set forth a schedule for briefing of the issue and oral argument, if necessary.

**F.     Stipulations**

1.  Counsel shall provide the Court with stipulations governing service, expert discovery, and retention of electronically stored information ("ESI") on or before January 29, 2010.  Any disagreement between the parties regarding the content of those stipulations shall be identified at the time of their submission to the Court, along with a brief explanation of the source(s) of the disagreement(s).[1]

2.  Counsel shall provide the Court with a proposed protective order on or before January 29, 2010.

**G.     Privileges**

No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they are otherwise entitled.

**H.     Plaintiffs' Attorneys' Fees**

---

[1] It was reported that the defendants have not been served in the following five (5) cases:

*Comprehensive Health Care of Ohio, Inc., d/b/a EMH Regional Healthcare System* - Civil Action No.  09-3807

*Douglas County Hospital* - Civil Action No. 09-3997

*Community Medical Center Healthcare System* - Civil Action No. 09-4039

*Mary Hitchcock Memorial Hospital, Inc.* - Civil Action No. 09-3953

*St. Joseph's Hospital, of the Hospital Sisters of the Third Order of St. Francis* - Civil Action No. 09-4302

Interim Lead Class Counsel was directed to arrange for service of process on the defendants in those cases on or before January 29, 2010.

1.  All plaintiffs' counsel shall keep a daily record of their time spent and expenses incurred in connection with this litigation, stating with specificity the hours, location and work performed.  All plaintiffs' counsel shall endeavor to keep attorneys' fees and expenses reasonable and to choose the most appropriate level of staffing for the tasks required in this litigation.

All plaintiffs' counsel shall submit to the designee of Plaintiffs' Interim Lead Counsel a report summarizing according to each separate activity the time and expenses spent by all attorneys (members and associates) and paralegals during the preceding month (and the ordinary billing rates of such personnel in effect during such month) and the accumulated total of the firm's time with hourly rates and expenses to date.  Interim Lead Class Counsel shall file under seal with the Clerk, and submit to the Court (Chambers, Room 12613) in on or before the fifteenth day following the last day of each calendar quarter, a report summarizing for all participating counsel such time and expense reports, arranged according to particular activities.  Such records and reports need not be served on an adversary party.  Failure to maintain and timely submit such records will be considered in any fee allocation and may constitute grounds for denying Court-awarded attorneys fees.

2.  On or before January 29, 2010, Interim Lead Class Counsel shall file under seal with the Clerk, and submit to the Court (Chambers, Room 12613), copies of all written agreements between plaintiffs' counsel relating to attorneys' fees, and summaries of any such oral agreements.

**I.      Status Conference**s

The Court will hold a telephonic status conference with liaison counsel on March 29, 2010, at 4:00 P.M.   Liaison counsel for the plaintiffs shall initiate the telephone conference.  Any other attorneys interested in participating in the telephone status conference may do so.  The

Court will address during the status conference the motions pending at that time and any other issues presented by the parties in a proposed agenda submitted to the Court no less than three (3) business days before the conference.

The March 29, 2010, telephone status conference will be recorded.  Further telephone status conferences will be scheduled during the March 29, 2010 telephone conference.

**J.     Service of Copies of Papers on Court**

Two (2) copies of each pleadings, motion, response and reply, shall be served on the Court (Chambers, Room 12613) when the originals are filed.

**BY THE COURT:**

/s/ Jan E. DuBois
**JAN E. DUBOIS, J.**

## EXHIBIT "A"

**Defendants' Liaison Counsel**.  Defendants' liaison counsel shall

      (a)    maintain and distribute to co-counsel and to plaintiffs' liaison counsel an up-to-date service list;

      (b)    receive and, as appropriate, distribute to co-counsel orders from the court [and documents from opposing parties and counsel];

      (c)    maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party; and,

      (d)    call meetings of co-counsel for the purpose of coordinating discovery, presentations at pretrial conferences, and other pretrial activities.