**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: BLOOD REAGENTS ANTITRUST LITIGATION | ) ) ) ) ) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

MDL Docket No. 09-2081

HONORABLE JAN E. DUBOIS

JURY TRIAL DEMANDED

## ANSWER TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Defendant Immucor, Inc. ("Immucor") answers the Plaintiffs' "Consolidated Amended Class Action Complaint (the "Complaint") as follows:

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof or production to which it is not otherwise subject under the law, Immucor asserts the following defenses. The defenses asserted may apply to some or all of the Plaintiffs and the putative class members in varying degrees, depending on the factual circumstances of the particular Plaintiffs or putative class members. Immucor reserves the right to amend this Answer to add, supplement, or modify defenses based on legal theories that come to light through further clarification of the Complaint, through discovery, or through further legal analysis of Plaintiffs' allegations, contentions, and positions in this litigation.

9464059.4

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of the purported claims asserted in the Complaint are barred by the Statute of Limitations.

## THIRD DEFENSE

Some or all of the purported claims asserted in the Complaint are barred by the doctrines of waiver and estoppel.

## FOURTH DEFENSE

Some or all of the purported claims asserted in the Complaint are barred by the doctrines of laches.

## FIFTH DEFENSE

The purported claims of Plaintiff F. Baragaño Pharmaceuticals, Inc. against Immucor are barred by the doctrine of accord and satisfaction and by the terms of a written release of claims.

## SIXTH DEFENSE

Any and all amounts owed by Plaintiffs and/or members of the putative class to Immucor should be set off against the purported claims asserted in the Complaint.

9464059.4

**SEVENTH DEFENSE**

To the extent that any of them have filed for bankruptcy, Plaintiffs and/or members of the putative class do not own the claims asserted, lack standing to pursue the claims asserted, and/or the claims are barred by judicial estoppel.

**EIGHT DEFENSE**

Plaintiffs and the members of the putative class lack standing to assert the claims herein and have not suffered any cognizable injury or antitrust injury by reason of any actions by Immucor.

**NINTH DEFENSE**

To the extent the Complaint states claims for alleged injuries arising from purchases of Blood Reagents outside of the United States, Plaintiffs and the members of the putative class lack standing to sue and this Court is without subject matter jurisdiction to hear those claims.

**TENTH DEFENSE**

To the extent the Complaint states claims for alleged injuries arising from indirect purchases of Blood Reagents, Plaintiffs and the members of the putative class lack standing to sue under the federal antitrust laws.

9464059.4

## ELEVENTH DEFENSE

The conduct of the Defendants was protected by the First Amendment, free speech and/or other related doctrines under the constitution and laws of the United States.

## TWELFTH DEFENSE

The claims alleged in the Complaint may not be properly maintained or certified as a class action.

## THIRTEENTH DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, by their failure and the failure of the members of the putative class to mitigate any alleged injury or damages.

## FOURTEENTH DEFENSE

As its thirteenth defense, without waiving any of the foregoing defenses, Immucor responds to the numbered paragraphs of the Complaint as follows:

1.      Immucor admits that Plaintiffs have stated one possible definition of the term "Blood Reagents."  Immucor denies that "Blood Reagents" is a relevant market for antitrust purposes and denies all allegations in this Complaint that state or imply that Blood Reagents is a relevant market.

2.      Immucor admits the allegations of paragraph 2 of the Complaint.

3.      Immucor admits that each of the Defendants sells blood reagents that can be used in manual and automated testing of blood, that each of them sells both traditional and proprietary reagents, and that Immucor sells more traditional reagents than proprietary reagents.  Immucor denies that paragraph 3 of the Complaint correctly describes the differences between "traditional" Blood Reagents and "automated" Blood Reagents or that either such category of Blood Reagents constitutes a relevant market for antitrust purposes.  Immucor is without knowledge or information sufficient to form a belief as to the relative sales by Ortho of its traditional and proprietary Blood Reagents and therefore denies such allegation.

4.      Immucor admits that it sells certain types of Blood Reagents but denies that it manufactures and sells a complete line of Blood Reagents as that term is defined in the Complaint.  Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint insofar as they relate to Ortho, and therefore denies such allegations.  Immucor denies the remaining allegations of paragraph 4 of the Complaint.

5.      Immucor admits the first sentence of paragraph 5 of the Complaint and denies the remaining allegations of paragraph 5.

6.      Immucor denies the allegations of paragraph 6 of the Complaint.

7.      Immucor admits that the Antitrust Division of the United States Department of Justice conducted a criminal investigation of the pricing of Blood

5

Reagents but states that such investigation has been closed.  Immucor admits that the

Federal Trade Commission ("FTC") has a pending investigation of certain acquisitions

by Immucor and that pricing practices is one aspect of that investigation.  Immucor

denies the remaining allegations of paragraph 7 of the Complaint.

## "JURISDICTION AND VENUE"

8.     Immucor admits that Plaintiffs purport to assert claims under the cited

statutory provisions but denies that such claims are properly asserted.

9.     Immucor admits the allegations of paragraph 9 of the Complaint.

10.     Immucor admits the allegations of paragraph 10 of the Complaint.

11.     Immucor admits the allegations of clauses (a), (b) and (c) of paragraph 11

of the Complaint and admit that this Court has personal jurisdiction over the

Defendants.  Immucor denies the allegations of clause (d) or paragraph 11 of the

Complaint.

## "PARTIES"

12.     Immucor is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in the first sentence of paragraph 12 of the

Complaint and therefore denies such allegations.   Immucor admits that Plaintiff

Baragaño Pharmaceuticals, Inc. purchased Blood Reagents directly from one or more of

the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that

said Plaintiff was damaged.

6

13.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 13 of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff Professional Resource Management, Inc. d/b/a Bullock County Hospital purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

14.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 14 of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff Community Medical Center Health Care System purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

15.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 15 of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff Professional Resources Management of Crenshaw LLC d/b/a Crenshaw Community Hospital purchased Blood Reagents directly from one or more of the Defendants. Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

9464059.4

16.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 16 of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff Douglas County Hospital purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

17.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 17 of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff Health Network Laboratories L.P. purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

18.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 18 of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff Larkin Community Hospital purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

19.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 19 of the

8

Complaint and therefore denies such allegations.  Immucor admits that Plaintiff Legacy

Health System purchased Blood Reagents directly from one or more of the Defendants.

Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was

damaged.

20.    Immucor is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in the first sentence of paragraph 20 of the

Complaint and therefore denies such allegations.  Immucor admits that Plaintiff Mary

Hitchcock Memorial Hospital Inc. purchased Blood Reagents directly from one or more

of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that

said Plaintiff was damaged.

21.    Immucor is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in the first sentence of paragraph 21 of the

Complaint and therefore denies such allegations.  Immucor admits that Plaintiff

Regional Medical Center Board d/b/a Northeast Alabama Regional Medical Center

purchased Blood Reagents directly from one or more of the Defendants.  Immucor

denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

22.    Immucor is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in the first sentence of paragraph 22 of the

Complaint and therefore denies such allegations.  Immucor admits that Plaintiff Niagara

Falls Memorial Medical Center purchased Blood Reagents directly from one or more of

9

the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

23.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations in the preamble to the sub-parts of paragraph 23 of the Complaint and therefore denies such allegations.  With respect to the subparts of paragraph 23:

(a)     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23(a) of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff Sacred Heart Hospital of the Hospital Sisters of the Third Order of St. Francis purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

(b)     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23(b) of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff St. Anthony's Memorial Hospital, of the Hospital Sisters of the Third Order of St. Francis purchased Blood Reagents directly from one or more of the Defendants. Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

10

(c)     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23(c) of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

(d)     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23(d) of the Complaint and therefore denies such allegations.  Immucor is without information to determine whether Plaintiff St. Francis Hospital of the Hospital Sisters of the Third Order of St. Francis purchased Blood Reagents directly from one or more of the Defendants and therefore denies such allegation.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

(e)     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23(e) of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

(f)     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23(f) of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff St. Joseph's Hospital, Breese, of the Hospital Sisters of the Third Order of St. Francis purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

(g)     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23(g) of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff St. Joseph's Hospital of the Hospital Sisters of the Third Order of St. Francis purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

(h)     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23(h) of the Complaint and therefore denies such allegations.   Immucor admits that Plaintiff St. Joseph's Hospital, of the Hospital Sisters of the Third Order of St. Francis purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

(i)     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23(i)

12

of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff St. Mary's Hospital Medical Center of Green Bay, Inc. purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

(j)      Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23(j) of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff St. Mary's Hospital, Streator, of the Hospital Sisters of the Third Order of St. Francis purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

(k)      Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23(k) of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff St. Mary's Hospital, Decatur, of the Hospital Sisters of the Third Order of St. Francis purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

(l)      Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23(l) of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff St. Nicholas Hospital of the Hospital Sisters of the Third Order of St. Francis purchased

13

Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

(m)     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23(m) of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff St. Vincent Hospital of the Hospital Sisters of the Third Order of St. Francis purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

24.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 24 of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff Schuylkill Medical Center – East Norwegian Street purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

25.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 25 of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff Schuylkill Medical Center – South Jackson Street purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

9464059.4

26.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 26 of the Complaint and therefore denies such allegations.  Immucor admits that Plaintiff Warren General Hospital purchased Blood Reagents directly from one or more of the Defendants.  Immucor denies that it engaged in unlawful conduct and denies that said Plaintiff was damaged.

27.     Immucor admits the allegations of paragraph 27 of the Complaint.

28.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 28 of the Complaint and therefore denies such allegations.  Immucor admits the allegation of the third sentence of paragraph 28 of the Complaint.

29.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and therefore denies such allegations.

30.     Immucor admits that Plaintiffs purport to state in Paragraph 30 of the Complaint a rule of how certain language in their Complaint should be interpreted.  To the extent Plaintiffs are asserting that such rule has legal significance in particular contexts, Immucor denies such allegation.

31.     Immucor denies the allegations of Paragraph 31 of the Complaint.

## **"UNNAMED CO-CONSPIRATORS"**

15

Immucor denies the implicit allegations of this heading and denies that there are any "Co-conspirators" named or unnamed.

32.      Immucor denies the allegations of Paragraph 32 of the Complaint.

## "INTERSTATE TRADE AND COMMERCE"

33.      Immucor admits the allegations of Paragraph 33 of the Complaint.

34.      Immucor denies the allegations of Paragraph 34 of the Complaint and specifically denies that it has engaged in "unlawful activities" and that there are any "Co-Conspirators."

## "THE BLOOD REAGENTS MARKET"

35.      Immucor admits that the broad background allegations of paragraph 35 of the Complaint are reasonably accurate generalizations but denies that all such generalizations are necessarily true in all circumstances.

36.      Immucor admits that the allegations contained in paragraph 36 of the Complaint are reasonably accurate, though simplified, generalizations.

37.      Immucor admits the allegations of paragraph 37 of the Complaint that red blood cells are often categorized as stated.

38.      Immucor admits that the allegations contained in paragraph 36 of the Complaint are reasonably accurate, though simplified, generalizations.

16

39.     Immucor admits the allegations of paragraph 39 of the Complaint are generally true, but states that Immucor does not sell many of the types of Blood Reagents alleged in paragraph 39.

40.     Immucor admits the allegations of paragraph 40 of the Complaint.

41.     Immucor denies the allegations of paragraph 41 of the Complaint.

42.     Immucor denies the allegations of paragraph 42 of the Complaint.  and further denies that traditional Blood Reagents constitute a "market" for antitrust purposes.

43.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint as to how others have described the market and therefore denies such allegations.  Immucor denies the accuracy of such description and further denies that traditional Blood Reagents constitute a "market" for antitrust purposes.

44.     Immucor generally admits the allegations of paragraph 44 of the Complaint, but states that the level of necessary training varies according to the technology used.

45.     Immucor admits the allegations of the first, third and final sentence of paragraph 45 of the Complaint.  Immucor admits that the allegations of the second sentence of paragraph 45 may be true for some tests and some products.   Immucor denies the remaining allegations of paragraph 45 .

17

46.     Immucor admits that one method of performing manual blood testing may include mixing a serum and the relevant red blood cells in a test tube, performing additional procedures, and examining the resulting mixture to see if there has been an agglutination reaction.  Immucor further admits that a positive reaction may occur if the cells are drawn together in clumps by the presence of antibodies and antigens.  Immucor further admits that if the resulting mixture remains fluid, this would indicate that a negative reaction has occurred.  Immucor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies such allegations.

47.     Immucor denies the allegations of paragraph 47 of the Complaint.

48.     Immucor admits that automated and semi-automated testing methods generally have the capability of testing multiple samples at once.  Immucor denies the remaining allegations of paragraph 48 of the Complaint.

49.     Immucor admits that it developed and patented proprietary Capture® technology and that it has received FDA clearance for its automated Capture technology.  Immucor denies the remaining allegations of paragraph 49 of the Complaint.

50.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint, and accordingly, such allegations are denied.

9464059.4

51.     Immucor admits that gross margins on proprietary reagents viewed in isolation typically are higher than margins on traditional reagents but denies that sales to automated customers are more profitable than sales to purchasers of traditional reagents. Immucor admits that automated customers generally have greater incentives than traditional reagent customers to continue to buy Immucor products but denies that they are "locked in."

52.     Immucor admits that it encouraged its customers to purchase automated systems and its proprietary automated Blood Reagents in order to allow them to enjoy labor savings and that it did so in part by providing favorable pricing on traditional products to automated customers.  Immucor denies the remaining allegations of paragraph 52 of the Complaint and specifically denies it acted in any respect collusively.

## "THE GEOGRAPHIC MARKET"

53.     The allegation in paragraph 53 of the Complaint is a legal conclusion to which no response is required.  To the extent a response is required, Immucor states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies such allegation.

## "THE CONSPIRACY"

Immucor denies the implicit allegations of this heading and specifically denies that there is or ever was any conspiracy between the Defendants.

19

54.   Immucor denies that it was losing money in the traditional Blood Reagents business in the late 1990s on a world-wide basis.  Immucor admits that Edward Gallup was quoted in a press article as making the statement set forth in paragraph 54, Immucor is without knowledge or information sufficient to form a belief as to whether he was correctly quoted, and Immucor denies that this statement was a "complaint."  Immucor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of the Complaint and therefore denies such allegations.

55.   Immucor denies that any price increases in 2000 or at any other time were "coordinated," but admits the remaining allegations of paragraph 55 of the Complaint insofar as they relate to Immucor.  Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint insofar as they relate to Ortho and therefore denies such allegations.

56.   Immucor admits that Mr. Gallup is quoted in the Atlanta Business Chronicle as indicated, though Immucor is without knowledge or information sufficient to form a belief as to whether Mr. Gallup was quoted accurately.  Immucor denies the remaining allegations of paragraph 56 of the Complaint.

57.   Immucor admits that there were more Blood Reagents producers in the mid-1990s.  Immucor denies that it has engaged in anticompetitive conduct.  Immucor

lacks information sufficient to form a belief as to the remaining allegations of paragraph 57 of the Complaint and therefore denies such allegations.

58.     Immucor admits the allegations of the first sentence of paragraph 58 of the Complaint and states that Dr. De Chirico during his employment by Ortho was not involved in the Blood Reagents business.  Immucor further admits that it acquired the three named companies in the years indicated.  Immucor is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 58 of the complaint and therefore denies such allegations.

59.     Immucor admits that it stated that it had a "strategic plan to consolidate," as described in paragraph 59 of the Complaint, but denies the remaining allegations of paragraph 59.

60.     Immucor denies the allegations of the first two sentences of paragraph 60 of the Complaint and denies the remaining allegations of paragraph 60 insofar as they might be construed to state that Immucor had any part whatsoever in Ortho's acquisition of Micro Typing Systems, Inc. or Ortho's decision to make such acquisition.  Immucor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of the Complaint, and therefore denies such allegations.

61.     Immucor is without knowledge or information sufficient to form a belief as to what financial analysts stated or whether the purported quote of one such analyst is accurate and therefore denies the allegations of paragraph 61 of the Complaint.

62.     Immucor denies that there was any scheme to consolidate the market or fix prices.  Immucor admits that it attempted to move customers to an automated solution using, in part, proprietary products but denies that automated customers are more profitable.  Immucor is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 62 of the Complaint and therefore denies such allegations.

63.     Immucor denies the allegations of paragraph 63 of the Complaint.

64.     Immucor admits the allegations of paragraph 64 of the Complaint.

65.     Immucor admits that in the Fall of 2000, Ortho made a presentation to its customers at an American Association of Blood Banks trade show, but Immucor is without information sufficient to form a belief as to the content of that presentation and therefore denies the allegations about such content.  Immucor admits that it was Immucor's practice to attend AABB trade shows.  Immucor further admits that Ortho raised its prices after the trade show.  Immucor further admits that Immucor subsequently raised its prices, though not to the same levels as Ortho.  Immucor denies the remaining allegations contained in the paragraph 65 of the Complaint.

66.     Immucor admits that it increased certain prices in late 2000, effective in 2001, but Immucor denies the remaining allegations of paragraph 66 of the Complaint.

67.     Immucor admits that it increased its prices in late 2000, effective 2001, and that it increased prices at other times since late 2000.  Immucor denies the remaining allegations of paragraph 67 of the Complaint.

68.     Immucor admits that an analyst is quoted in a 2009 story on the Internet as making statements similar to those described in paragraph 68 of the Complaint, but Immucor is without information sufficient to form a belief as to whether such statements were actually made and therefore denies such allegation.

69.     Immucor admits that it entered into certain contacts with group purchasing organizations in 2001 reflecting price increases.  Immucor denies the remaining allegations of paragraph 69 of the Complaint.

70.     Immucor denies the allegations of paragraph 70 of the Complaint.

71.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint and therefore denies such allegations.  Immucor specifically denies that any price increases were "coordinated" between Ortho and Immucor.

72.     Immucor denies the allegations of the first sentence of paragraph 72 of the Complaint and specifically denies that any price increases were "collusive."  Immucor admits that its annual gross margins on world-wide sales of traditional reagents were

9464059.4

generally as stated in paragraph 72, reflecting in part improved efficiencies in certain years, and states that, so far as it is aware, the correct percentages are set forth in its 10-K filings.  To the extent paragraph 72 of the complaint implies that gross margins are net "profits," Immucor denies such allegations, and Immucor denies the remaining allegations of paragraph 72 of the Complaint.

73.     Immucor admits that its business was unprofitable in calendar year 2000. Immucor is without information sufficient to form a belief as to the profitability of the business from Ortho's perspective at that time or whether Ortho ever considered abandoning the industry, and therefore denies such allegations.  Immucor denies the remaining allegations of paragraph 73 of the Complaint and specifically denies that it is able to "retain" its gross margin as "profits."

74.     Immucor admits that it has acknowledged certain increases in revenues and gross margins and that paragraph 74 of the Complaint contains correct quotes. Immucor is without information sufficient to form a belief as to the allegations of paragraph 74 of the Complaint insofar as they apply to Ortho and therefore denies such allegations.  Immucor denies the remaining allegations of paragraph 74 of the Complaint.

75.     Immucor denies the allegations of paragraph 75 of the Complaint.

76.     Immucor admits that it canceled its contracts in accordance with contract terms with two large group purchasing organizations effective in early 2005 after the

parties were unable to agree and that this action was "unilateral" as indicated in the heading preceding paragraph 76 of the Complaint.  Immucor is without information sufficient to form a belief as to the truth of the allegations of paragraph 76 to the extent they relate to Ortho and therefore denies such allegations.  Immucor denies the remaining allegations of paragraph 76 of the Complaint.

77.     Immucor admits that it proposed price increases and that it canceled the contracts with these two group purchasing organizations in the manner alleged when no agreement was reached.  Immucor denies the remaining allegations of paragraph 77 of the Complaint.

78.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint and therefore denies such allegations.

79.     Immucor admits the allegation of paragraph 79 of the Complaint that Immucor made the alleged statement.

80.     Immucor admits the allegations of the first sentence of paragraph 80 of the Complaint, admits that there is a published news story that purports to quote a Premier representative as making the statement noted, though Immucor does not know whether such person was correctly quoted or the context of such quote.  Immucor admits that approximately $23.7 million of revenues per annum in Immucor products were being purchased through Premier and Novation at that time.  Immucor denies all remaining

25

allegations of paragraph 80 of the Complaint and specifically denies the second sentence.

81.     Immucor admits that it said it did not expect to lose "significant" business as a result of the cancellations, but it denies the remaining allegations of paragraph 81 of the Complaint.

82.     Immucor denies the allegations of paragraph 82 of the Complaint and specifically denies that Defendants jointly terminated these relationships.

83.     Immucor admits that it implemented a tiered pricing structure, as alleged in paragraph 83 of the Complaint but denies that such structure was adopted in order to effectuate price increases.  Rather, the tiered pricing structure was designed to take market share from Ortho.  Immucor denies the remaining allegations of paragraph 83.

84.     Immucor admits the allegations of paragraph 84 of the Complaint.

85.     Immucor denies the allegations of paragraph 85 of the Complaint.

86.     Immucor admits that it entered into a Supply Agreement with the predecessor of Celliance Corporation in 2003, but Immucor denies the remaining allegations of paragraph 86 of the Complaint.

<u>**"GOVERNMENT ANTITRUST INVESTIGATIONS"**</u>

87.     Immucor denies the allegations of paragraph 87 of the Complaint.

88.     Immucor admits the allegations of paragraph 88 of the Complaint, except that it denies that the Complaint correctly quotes Immucor's announcement and further

26

denies that Blood Reagents constitutes a "market" for antitrust purposes.  Immucor further states that the Department of Justice has terminated such investigation without taking any action.

89.     Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Complaint and therefore denies such allegations.

90.     Immucor admits the allegations of paragraph 90 of the Complaint.

91.     Immucor admits the allegations of the first and third sentences of paragraph 91 of the Complaint, but denies the allegations of the second sentence of paragraph 91.

92.     Immucor admits the allegations of paragraph 92 of the Complaint.

93.     Immucor admits that paragraph 93 of the Complaint contains correct quotes but denies the characterizations of such quotes and the legal contentions contained in paragraph 93 and denies the remaining allegations of paragraph 93. Immucor further states that the Department of Justice has terminated such investigation without taking any action.

94.     Immucor admits that paragraph 94 of the Complaint contains a correct quote but denies the characterizations of such quote and the legal contentions contained in paragraph 94 and denies the remaining allegations of paragraph 94.  Immucor further

9464059.4

states that the Department of Justice has terminated such investigation without taking

any action.

## "OTHER MARKET FACTORS SUPPORTING THE EXISTENCE OF A CONSPIRACY"

Immucor denies that "other market factors" support the existence of a conspiracy

and further deny that there is or has been any conspiracy.

95.     Immucor denies the allegations of paragraph 95 of the Complaint.

96.     Immucor denies the allegations of the first sentence of paragraph 96 of the

Complaint and states that, while such allegations may be true in some markets they are

not true in others, depending on market characteristics.  Immucor specifically denies the

existence of any price fixing cartel in this case and further denies that evidence of high

market concentrations would constitute evidence that a conspiracy actually exists.

Immucor admits the allegation contained in the second sentence of paragraph 96 of the

Complaint but denies the allegation contained in the third sentence.

97.     Immucor denies the allegations of paragraph 97 of the Complaint.

98.     Immucor denies the allegations of paragraph 98 of the Complaint and

states that, while such allegations may be true in some markets they are not true in

others, depending on market characteristics.  Immucor specifically denies the existence

of any cartel in this case and further denies that evidence of barriers to entry would

constitute evidence that a conspiracy actually exist.

28

99.     Immucor admits that there are some barriers to de novo entry into the blood reagent industry, though such barriers by no means preclude entry.  Immucor further admits that an investment would be required for entry but denies that the capital investment involved constitutes a significant barrier to entry into this industry.  Immucor admits that paragraph 99 of the Complaint contains an apparent quote from Olympus, a competitor in this industry.  Immucor denies the remaining allegations of paragraph 99 of the Complaint.

100.    Immucor admits that regulatory requirements can hinder (though not preclude) sales of Blood Reagents by new entrants, as well as sales in other health care product industries, and further admits that having a full line of products can provide some competitive advantage.  Immucor denies the remaining allegations of paragraph 100 of the Complaint.

101.    Immucor admits the allegations of the first sentence of paragraph 101 of the Complaint about its prior statements and admits that there are FDA licensing requirements.  Immucor denies the remaining allegations of paragraph 101 of the Complaint.

102.    Immucor admits that it possesses certain patents and technological know-how and that the paragraph 102 of the Complaint correctly quotes a statement made by Immucor.  Immucor denies the remaining allegations of paragraph 102 of the

29

Complaint, and notes that the quote does not state that such patents and technological know-how hinder entry.

103.   Immucor admits that paragraph 103 of the Complaint contains an apparent quote from comments to the FDA by Olympus, a competitor in this industry.  Immucor denies the remaining allegations of paragraph 103.

104.   Immucor denies the allegations of paragraph 104 of the Complaint. .

105.   Immucor denies the allegations of paragraph 105 of the Complaint and states that, while such allegations may be true in some markets they are not true in others, depending on market characteristics.  Immucor specifically denies the existence of any cartel in this case and further denies that evidence of inelastic demand would constitute evidence that a conspiracy actually exists.

106.   Immucor denies the first sentence of paragraph 106 of the Complaint. Immucor admits that it has stated that the cost of Blood Reagents is a small component of the overall cost of a health care provider's bill.   Immucor denies the allegations of the third and fourth sentences of paragraph 106 and states that, while such allegations may be true in some markets, they are not true in others, depending on market characteristics.

107.   Immucor admits the allegation in the first sentence of Paragraph 107 of the Complaint.  To the extent the allegation in the third sentence of Paragraph 107 that "Blood Reagents manufacturers have been able to raise prices without losing sales

revenues" is directed at Immucor, Immucor denies the allegation. To the extent this allegation in the third sentence of Paragraph 107 is directed at other manufacturers, Immucor lacks knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies such allegation. Immucor denies the remaining allegations in Paragraph 107.

108.    Immucor denies the allegations of paragraph 108 of the Complaint and states that, while such allegations may be true in some markets they are not true in others, depending on market characteristics. Immucor specifically denies the existence of any cartel in this case and further denies that evidence of a lack of substitute products would constitute evidence that a conspiracy actually exists.

109.    Immucor admits that there are no available substitutes for certain Blood Reagents products and that only FDA-approved Blood Reagents can be used to screen blood. Immucor denies the remaining allegations of paragraph 109 of the Complaint.

110.    Immucor denies the allegations of paragraph 110 of the Complaint.

111.    Immucor denies the allegations of paragraph 111 of the Complaint and states that, while such allegations may be true in some markets they are not true in others, depending on market characteristics. Immucor specifically denies the existence of any cartel in this case and further denies that evidence of interchangeability of products would constitute evidence that a conspiracy actually exists.

31

112.   Immucor admits that Defendants have each developed proprietary Blood Reagents (though not in recent years) and admits that a majority of Blood Reagents sold by Immucor are traditional reagents.  Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 of the Complaint insofar as they relate to Ortho and therefore denies such allegations. Immucor denies the remaining allegations of paragraph 112 of the Complaint.

113.   Immucor denies the allegations of the first sentence of paragraph 113 of the Complaint and states that, while such allegations may be true in some markets they are not true in others.  Immucor admits that it is a member of the groups mentioned but denies that such membership has in any way fostered or facilitated any conspiracy.

114.   Immucor denies the allegations of paragraph 114 of the Complaint.

115.   Immucor denies the allegations of paragraph 115 of the Complaint.

116.   Immucor admits that Dr. De Chirico held the positions cited with the two companies at the times indicated and states that Dr. Chirico was at no time employed by Ortho in the Blood Reagents business.  Immucor denies that this employment was an "instance" of anything, denies that the hiring of Dr. De Chirico by Immucor has in any way fostered or facilitated any conspiracy, and denies the remaining allegations of paragraph 116 of the Complaint.

117.   Immucor admits the allegations of paragraph 117 of the Complaint.

118.   Immucor denies the allegations of paragraph 118 of the Complaint.

9464059.4

119.    Immucor denies that the allegations of paragraph 119 of the Complaint state a correct generalization and specifically deny that such allegations have any application to Immucor.

120.    Immucor admits that, upon information and belief, Dr. Francesco Mercuriali committed suicide.  Immucor further admits that Dr. De Chirico was preliminarily found guilty of bribery in an Italian court on or about April 17, 2008, but states that Dr. De Chirico is still considered innocent under Italian law and any penalty for such alleged violation has been negated.  Immucor denies the remaining allegations of paragraph 120 of the Complaint.  Immucor further states that no  bribe or improper payment was made and that the Audit Committee of Immucor's Board of Directors concluded that no bribe or improper payment was made.

121.    Immucor denies the allegations of paragraph 121 of the Complaint.

122.    Immucor admits that paragraph 122 contains an excerpt from a quote of Joseph Rosen, but Immucor denies the remaining allegations of paragraph 122 of the Complaint.

123.    Immucor denies the allegations of paragraph 123 of the Complaint.

124.    Immucor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the Complaint and therefore denies such allegations.

9464059.4

## "CLASS ACTION ALLEGATIONS"

125.    Immucor admits that plaintiffs seek to assert this action on behalf of a putative class as alleged in paragraph 125 of the Complaint but denies that any class may lawfully be certified.

126.    Immucor denies the allegations of the first sentence of paragraph 126 of the Complaint.  Immucor admits that members of the putative class would be dispersed throughout the United States but denies the remaining allegations of the second sentence of paragraph 126.  Immucor admits that the allegations of the last sentence of paragraph 126 would be true with respect to the number of members of putative class but denies that any class may lawfully be certified and denies that there are any "co-conspirators."

127.    Immucor denies the allegations of paragraph 127 of the Complaint and denies that any class may lawfully be certified.

128.    Immucor is without information sufficient to form a belief as to the truth of the allegations of paragraph 128 of the Complaint and therefore denies such allegations.  Immucor further denies that any class may lawfully be certified.

129.    Immucor denies the allegations of paragraph 129 of the complaint that common issues predominate, denies that any of the issues cited are necessarily common to all members of the putative class, and denies that any class may lawfully be certified.

130.    Immucor denies the allegations of paragraph 130 of the Complaint and denies that any class may lawfully be certified.

34

131.   Immucor denies the allegations of paragraph 131 of the Complaint and denies that any class may lawfully be certified.

## "DEFENDANTS' ANITRUST VIOLATIONS"

Immucor denies that Immucor has committed any antitrust violations.

132.   Immucor denies the allegations of paragraph 132 the Complaint.

133.   Immucor denies the allegations of paragraph 133 the Complaint, including each and every subpart thereof.

134.   Immucor denies the allegations of paragraph 134 the Complaint.

## "ALLEGATIONS OF ANTITRUST INJURY
## TO PLAINTIFFS AND TO CLASS."

Immucor denies that Immucor has violated the antirust laws and that Plaintiffs or any members of the putative class have suffered antitrust injury.

135.   Immucor denies the allegations of paragraph 135 the Complaint, including each and every subpart thereof.

136.   Immucor denies the allegations of paragraph 136 the Complaint.

## "FRAUDULENT CONCEALMENT"

Immucor denies that the Defendants have engaged in fraudulent concealment and further denies that there was any conspiracy to conceal.

137.   Immucor denies the allegations of paragraph 137 the Complaint.

138.   Immucor denies the allegations of paragraph 138 the Complaint.

139.   Immucor denies the allegations of paragraph 139 the Complaint.

9464059.4

140.   Immucor denies the allegations of paragraph 140 the Complaint.

141.   Immucor denies the allegations of paragraph 141 the Complaint.

142.   Immucor denies the allegations of paragraph 142 the Complaint.

143.   Immucor denies the allegations of paragraph 143 the Complaint.

144.   Immucor denies that there was any conspiracy to be discovered, either shortly before the filing of the initial complaint in this action or at any other time.  To the extent the factual allegations of the Complaint are accurate, Immucor denies that such facts were unavailable to the Plaintiffs.

145.   Immucor denies the allegations of paragraph 145 the Complaint.

146.   Immucor denies the allegations of paragraph 146 the Complaint.

147.   Immucor denies the allegations of paragraph 147 the Complaint.

## "VIOLATIONS OF SECTION 1 OF THE SHERMAN ACT"

Immucor denies that there have been any violations of the Sherman Act.

148.   In answer to paragraph 148 of the Complaint, Immucor incorporates by reference its answer to the previous allegations.

149.   Immucor denies the allegations of paragraph 149 the Complaint.

150.   Immucor denies the allegations of paragraph 150 the Complaint.

151.   Immucor denies the allegations of paragraph 151 the Complaint.

152.   Immucor denies the allegations of paragraph 152 the Complaint.

9464059.4

Immucor denies each and every allegation in the Complaint that is not specifically admitted above.

## "**RELIEF SOUGHT**"

Immucor denies that Plaintiffs are entitled to the relief sought in each and every one of the subparagraphs of Plaintiffs' demand, and further denies that Plaintiffs are entitled to any relief whatsoever.

Whereupon, having answered the allegations of the Complaint, Immucor prays that this action be dismissed with prejudice with costs to be awarded in favor of the Defendants.

## **JURY DEMAND**

Immucor demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all issues so triable.

Respectfully submitted this 14th day of January, 2011.

/s/ Michele D. Hangley
Michele D. Hangley
Sharon F. McKee
HANGLEY ARONCHICK
SEGAL & PUDLIN
One Logan Square, 27th Floor
Philadelphia, PA 19103
Tel:  (215) 568-6200
Fax:  (215) 568-0300

/s/ James R. McGibbon
James R. McGibbon
Joshua A. Mayes
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, NE
Atlanta, GA 30309-3996
Tel:  (404) 853-8122
Fax:  (404) 853-8806

/s/ Steuart H. Thomsen
Steuart H. Thomsen
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415

37

Tel:  (202) 383-0166
Fax:  (202) 637-3593

*Attorneys for Defendant Immucor, Inc.*

38

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing **ANSWER TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** with the Clerk of Court using the CM/ECF system, which constitutes service.

This 14th day of January, 2011.

<u>/s/ Joshua A. Mayes</u>
Joshua A. Mayes