IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE: BLOOD REAGENTS ANTITRUST | : | MDL No. 09-2081 |
| LITIGATION | : | |
| | : | ALL CASES |
| | : | |

# O R D E R

**AND NOW**, this 6th day of September 2012, upon consideration of Plaintiffs' Motion for Final Approval of Settlement with Immucor, Inc. (Document No. 179, filed May 23, 2012) and the Settlement Agreement dated January 11, 2012, including all Exhibits thereto (the "Settlement Agreement") between the Plaintiff class representatives F. Baragano Pharmaceuticals, Inc., Community Medical Center Health Care System, Professional Resources Management of Crenshaw LLC d/b/a Crenshaw Community Hospital, Douglas County Hospital, Health Network Laboratories L.P., Larkin Community Hospital, Legacy Health System, Mary Hitchcock Memorial Hospital Inc., Regional Medical Center Board d/b/a Northeast Alabama Regional Medical Center, Sacred Heart Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Anthony's Memorial Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Francis Hospital of the Hospital Sisters of the Third Order of St. Francis, St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Joseph's Hospital, Breese, of the Hospital Sisters of the Third Order of St. Francis, St. Joseph's Hospital of the Hospital Sisters of the Third Order of St. Francis (Chippewa Falls), St. Joseph's Hospital of the Hospital Sisters of the Third Order of St. Francis (Highland), St. Mary's Hospital Medical Center of Green Bay, Inc., St. Mary's

1

Hospital, Streator, of the Hospital Sisters of the Third Order of St. Francis, St. Mary's Hospital, Decatur, of the Hospital Sisters of the Third Order of St. Francis, St. Nicholas Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Vincent Hospital of the Hospital Sisters of the Third Order of St. Francis, Schuylkill Medical Center-East Norwegian Street, Schuylkill Medical Center- South Jackson Street, and Warren General Hospital and all members of the proposed Settlement Class in the above-captioned case (collectively "Plaintiffs"), and Defendant Immucor, Inc. ("Immucor"); and having held a hearing on June 15, 2012; having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed and good cause appearing therefore, **IT IS ORDERED** that Plaintiffs' Motion for Final Approval of Settlement with Immucor, Inc. is **GRANTED**.

    **IT IS FURTHER ORDERED** as follows:

    1.    This Final Judgment and Order of Dismissal incorporates herein and makes a part hereof, the Settlement Agreement, including Exhibit A thereto. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings for purposes of this Final Judgment and Order of Dismissal.

    2.    The Court has personal jurisdiction over all Plaintiffs, Immucor Settlement Class Members and Immucor, and has subject matter jurisdiction to approve the Settlement Agreement.

    3.    On March 5, 2012, this Court preliminarily certified the following Immucor Settlement Class for settlement purposes only, and such certification is hereby made final:

> The Immucor Settlement Class consists of all individuals and entities in the United States who purchased Traditional Reagents directly from any of the Defendants, or their subsidiaries or

>  affiliates, during the period from and including January 1, 2000 to
>  and including February 23, 2012. Excluded from the Immucor
>  Settlement Class are Defendants, subsidiaries, affiliates and
>  Related Persons of Defendants and federal governmental entities.

The Settlement does not include purchases of Proprietary Reagents because Class Counsel, in conjunction with their economic expert, determined that there was no class-wide impact to class members from any alleged conspiracy to fix the prices of Proprietary Reagents, and thus, no settlement class concerning such purchases could be certified. The Immucor Settlement Class also excludes the one Immucor Settlement Class Member that has properly opted out of the Immucor Settlement Class.

   4.  The District Court finds, for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of lmmucor Settlement Class Members is so numerous that joinder of all Immucor Settlement Class Members is impracticable; (b) there are questions of law and fact common to each Immucor Settlement Class Member; (c) the claims of the Plaintiffs are typical of the claims of the Immucor Settlement Class that they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Immucor Settlement Class they seek to represent; (e) the questions of law and fact common to the Immucor Settlement Class Members predominate over any questions affecting only individual members of the Immucor Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

   5.  Plaintiffs F. Baragano Pharmaceuticals, Inc., Community Medical Center Health Care System, Professional Resources Management of Crenshaw LLC d/b/a Crenshaw

Community Hospital, Douglas County Hospital, Health Network Laboratories L.P., Larkin Community Hospital, Legacy Health System, Mary Hitchcock Memorial Hospital, Inc., Regional Medical Center Board d/b/a Northeast Alabama Regional Medical Center, Sacred Heart Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Anthony's Memorial Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Francis Hospital of the Hospital Sisters of the Third Order of St. Francis, St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Joseph's Hospital, Breese, of the Hospital Sisters of the Third Order of St. Francis, St. Joseph's Hospital of the Hospital Sisters of the Third Order of St. Francis (Chippewa Falls), St. Joseph's Hospital of the Hospital Sisters of the Third Order of St. Francis (Highland), St. Mary's Hospital Medical Center of Green Bay, Inc., St. Mary's Hospital, Streator, of the Hospital Sisters of the Third Order of St. Francis, St. Mary's Hospital, Decatur, of the Hospital Sisters of the Third Order of St. Francis, St. Nicholas Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Vincent Hospital of the Hospital Sisters of the Third Order of St. Francis, Schuylkill Medical Center- East Norwegian Street, Schuylkill Medical Center- South Jackson Street, and Warren General Hospital are certified as the Class Representatives for the Immucor Settlement Class.

      6.      Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, for the purposes of Settlement only, Spector Roseman Kodroff & Willis, P.C. is appointed as Class Counsel for the Immucor Settlement Class. Class Counsel have the authority to enter into the Settlement Agreement on behalf of the Immucor Settlement Class and are authorized to act on behalf of the Immucor Settlement Class Members with respect to all acts or consents required by or that may

be given pursuant to the Settlement Agreement or such other acts that are reasonably necessary to consummate the Settlement.

7. The Immucor Settlement Class has received Notice in the manner approved by the Court in its Order of March 5, 2012 (Document No. 168). The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Immucor Settlement Class Members of the terms of the Settlement, Immucor Settlement Class Members' right to object to the Settlement and to appear at the Settlement fairness hearing ("Fairness Hearing"); (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

8. No individuals or entities, other than those listed on Exhibit A hereto, have excluded themselves from the Immucor Settlement Class. This Order shall have no force or effect on the persons or entities listed on Exhibit A hereto.

9. The Court finds that extensive arm's-length negotiations have taken place in good faith between Class Counsel and counsel for Immucor, resulting in the Settlement Agreement.

10. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally approves in all respects the Settlement set forth in the Settlement Agreement (the "Settlement") and finds that the Settlement and the Settlement Agreement are, in all respects, fair, reasonable and adequate, and in the best interest of the Immucor Settlement Class. The Court further approves the establishment of the Settlement Fund under the terms and conditions set forth in the Settlement Agreement. The parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement.

In addition, the parties are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement as (i) shall be consistent in all material respects with this Final Judgment and Order of Dismissal, and (ii) do not limit the rights of lmmucor Settlement Class Members.

11.     As stated in this Court's Order of March 5, 2012 (Document No. 168) preliminarily approving the Settlement, the Court grants Class Counsel the right to continue to make withdrawals from the Escrow Account, the Opt Out Fee and Expense Account, and the Opt Out Settlement Account (the "Escrow Funds") as appropriate for payment of the cost of notice(s) to Immucor Settlement Class Members regarding the Settlement Agreement and related matters, taxes payable on the Escrow Funds, and other costs and expenses reasonably incurred in connection with the administration of the Settlement Agreement (the "Notice and Administrative Costs" and "Tax Expenses"), without the approval of the Court in each instance, so long as (a) the Notice and Administrative Costs and/or Tax Expenses incurred or contracted for are reasonable and necessary to carrying out the transactions contemplated by the Settlement Agreement, (b) counsel to Immucor shall receive from Class Counsel a full accounting of all expenditures made from the Escrow Funds in the event such funds are returned to Immucor under the terms of the Settlement Agreement, and (c) the withdrawals do not adversely affect Immucor's ability to obtain the full amount of any funds due Immucor pursuant to Paragraph 53 of the Settlement Agreement.

12.     The above-captioned case is hereby dismissed, as to Immucor only, with prejudice and without costs to any party.

13.     Immucor, jointly and severally, individually and collectively, and the respective

assigns of each entity and person included within Immucor, including current or former officers, directors, partners, principals, managers, employees, agents, direct and indirect stockholders, direct and indirect parents, direct and indirect subsidiaries, affiliates, predecessors and successors, and all current and former stockholders, members, officers, directors, partners, principals, managers, employees, agents, direct and indirect stockholders, heirs, executors, representatives and administrators of each of the foregoing, including but not limited to IVD Holdings Inc., IVD Intermediate Holdings A Inc., IVD Intermediate Holdings B Inc., TPG Partners VI, L.P., TPG IVD Co-Invest, L.P., TPG FOF VI SPV, L.P., TPG Biotechnology Partners III, L.P., and TPG Capital, L.P. (the "Releasees") shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, rights, assertions, allegations, causes of action, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, debts, liabilities, judgments, and remedies, whether class, individual, or otherwise in nature, that Plaintiffs and Immucor Settlement Class Members, jointly and severally, individually and collectively, and all of their respective current or former officers, directors, partners, principals, managers, employees, agents, direct and indirect stockholders, direct and indirect parents, direct and indirect subsidiaries, affiliates, predecessors and successors, and all current and former stockholders, members, officers, directors, partners, principals, managers, employees, agents, heirs, executors, representatives and administrators of each of the foregoing ("Releasors"), or anyone of them, ever had, now has, or hereafter can, shall, or may have against the Releasees, whether known or unknown, on account of or arising out of the facts, occurrences, transactions or other matters alleged in the Action or in complaints containing the same allegations with respect to any Blood Reagents (Traditional or Proprietary)

purchased within, to, or from the United States before and during the period from January 1, 2000 through February 23, 2012, including without limitation any claims which arise under any United States federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, unjust enrichment, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. (the "Released Claims"). Nothing herein shall be construed to release any individual claims relating to any product defect, negligence, breach of contract, or similar claim between the parties involving Blood Reagents. The Releasors shall not, after the Effective Date, seek to recover against any of the Releasees for any of the Released Claims.

14. Nothing in this Final Judgment and Order of Dismissal, the Settlement, or the Settlement Agreement is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing.

15. Without affecting the finality of this Final Judgment and Order of Dismissal, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Judgment and Order of Dismissal, to protect and effectuate this Final Judgment and Order of Dismissal, and for any other necessary purpose. Immucor, Plaintiffs and each member of the Immucor Settlement Class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including the Exhibits thereto. Without limiting the generality of the foregoing, and without affecting the finality of this Final Judgment and Order of Dismissal, the Court retains exclusive jurisdiction

over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

16. In the event that the Settlement does not become effective according to the Settlement Agreement, this Final Judgment and Order of Dismissal shall be rendered null and void as provided by the Settlement Agreement, shall be vacated and, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

**BY THE COURT:**

   **/s/ Hon. Jan E. DuBois**
   **JAN E. DUBOIS, J.**

**EXHIBIT A (List of Opt-Outs)**

1) VWR International, LLC, 100 Matsonford Road, Building One, Suite 200, Radnor, PA 19087, phone number (610) 386-1543