# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: BLOOD REAGENTS ANTITRUST LITIGATION** | **MDL Docket No. 09-2081** |
| **THIS DOCUMENT RELATES TO ALL ACTIONS** | **HON. JAN E. DUBOIS** |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made and entered into this 13th day of June (the "Execution Date"), by and between Ortho-Clinical Diagnostics, Inc. ("Ortho" is defined in Paragraph 14 below) and Plaintiff Class representatives F. Baragaño Pharmaceuticals, Inc., Community Medical Center Health Care System, Professional Resources Management of Crenshaw LLC d/b/a Crenshaw Community Hospital, Douglas County Hospital, Health Network Laboratories L.P., Larkin Community Hospital, Legacy Health System, Mary Hitchcock Memorial Hospital, Inc.,  Regional Medical Center Board d/b/a Northeast Alabama Regional Medical Center, Sacred Heart Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Anthony's Memorial Hospital, of the Hospital Sisters of the Third Order of St. Francis, St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Francis Hospital, of the Hospital Sisters of the Third Order of St. Francis, St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Joseph's Hospital, Breese, of the Hospital Sisters of the Third Order of St. Francis, St. Joseph's Hospital of the Hospital Sisters of the Third Order of St. Francis (Chippewa Falls), St. Joseph's Hospital, of the Hospital Sisters of the Third Order of St. Francis (Highland), St. Mary's Hospital Medical Center of Green Bay, Inc., St.

Mary's Hospital, Streator, of the Hospital Sisters of the Third Order of St. Francis, St. Mary's

Hospital, Decatur, of the Hospital Sisters of the Third Order of St. Francis, St. Nicholas Hospital

of the Hospital Sisters of the Third Order of St. Francis, St. Vincent Hospital of the Hospital

Sisters of the Third Order of St. Francis, Schuylkill Medical Center - East Norwegian Street,

Schuylkill Medical Center - South Jackson Street, and Warren General Hospital (collectively,

"Plaintiffs"), both individually and on behalf of the certified class of purchasers of traditional

blood reagents in the above-captioned action, as defined in Paragraph 23 below:

WHEREAS, the Action, as defined in Paragraph 1 below, is pending in the United States

District Court for the Eastern District of Pennsylvania, captioned *In re Blood Reagents*

*Antitrust Litigation*, Master File No. 09-MD-02081-JD, in which Plaintiffs have alleged, *inter*

*alia*, violations of law, including the existence of an unlawful conspiracy to fix, raise, maintain,

or stabilize prices in violation of section 1 of the Sherman Antitrust Act;

WHEREAS, Ortho, although it vigorously denies the allegations that it engaged in any

wrongdoing or in conduct that violated the antitrust laws, has agreed to enter into this Settlement

Agreement solely to avoid the further expense, inconvenience, and the distraction of burdensome

and protracted litigation;

WHEREAS, Class Counsel have concluded, after due investigation and after carefully

considering the relevant circumstances, including, without limitation, the claims asserted in the

Complaint filed in the Action, the legal and factual defenses thereto and the applicable law, as

well as substantial discovery and the Court's decisions, including on summary judgment and

*Daubert* issues, that it would be in the best interests of Plaintiffs and the Class to enter into this

Settlement Agreement in order to avoid the uncertainties of litigation and to assure that the

benefits reflected herein are obtained for Plaintiffs and all Class Members, and further, Class

Counsel consider the settlement set forth herein to be fair, reasonable and adequate and in the best interests of Plaintiffs and all Class Members;

WHEREAS, arm's-length settlement negotiations have taken place between Class Counsel and counsel for Ortho, including mediation with the Hon. Diane Welsh (Ret.) of JAMS, and this Settlement Agreement, which embodies all of the terms and conditions of the settlement between Ortho and Plaintiffs and the Class, has been reached, subject to the preliminary and final approval of the Court as provided herein;

NOW, THEREFORE, in consideration of the covenants, terms and releases in this Settlement Agreement and for other good and valuable consideration, it is by and among the undersigned agreed that the above-captioned case be settled, compromised and dismissed with prejudice as to Ortho, without costs as to Plaintiffs, the Class or Ortho, subject to the approval of the Court and the following terms and conditions:

A.      **Definitions**

The following terms, as used in this Settlement Agreement, have the following meanings:

1.      "Action" means the action captioned *In re Blood Reagents Antitrust Litigation*, Master File No. 09-MD-02081-JD, which is currently pending in the District Court for the Eastern District of Pennsylvania, and including all actions transferred for coordination, and all actions pending such transfer (including, but not limited to, "tag-along" actions).

2.      "Traditional Blood Reagents" means any Blood Reagents that are primarily used to test blood manually in test tubes, and "Proprietary Blood Reagents" means any Blood Reagents that are primarily used to test blood in automated and/or semi-automated platforms.

3

3.      "Blood Reagents" means reagents designed and manufactured to test, match, detect, screen, diagnose and/or otherwise identify certain properties of the cell and serum components of human blood.

4.      "Claim(s)" shall mean any and all actions, suits, claims, demands, assertions, or causes of action, which are directly related to the subject matter of the above-captioned Action. A Claim expressly includes a demand to compromise or settle an alleged cause of action related to the subject matter of the Action that is made outside the context of litigation or this Action.

5.      "Claims Administrator" means Kurtzman Carson Consultants, LLC ("KCC"), subject to approval of the Court, which has been charged with administering the claims process, arranging for Court-ordered dissemination of required notices, and, if so ordered, distributing the settlement proceeds pursuant to a plan of distribution approved by the Court with respect to this Settlement Agreement.

6.      "Class Counsel" shall refer to the law firm of Spector Roseman & Kodroff, P.C., 1818 Market Street, Suite 2500, Philadelphia, PA 19103.

7.      "Complaint" means the Consolidated Amended Class Action Complaint (Doc. No. 48).

8.      "Court" means the U.S. District Court for the Eastern District of Pennsylvania.

9.      "Defendants" means Immucor, Inc. and Ortho-Clinical Diagnostics, Inc.

10.      "Effective Date" means the date on which all of the events identified in Paragraph 34 have occurred, and means the date on which the Settlement Agreement becomes final.

11.      "Escrow Account" means the account, established by Class Counsel and administered in accordance with the terms of this Settlement Agreement, for receipt of the Settlement Amount, paid by Ortho pursuant to this Settlement Agreement.

4

12.     "Escrow Agent" means the agent designated by Class Counsel and Ortho to manage the Escrow Account.

13.     "Execution Date" shall mean the date of the execution of this Settlement Agreement by the persons noted on the signature page hereof.

14.     "Ortho" means Ortho-Clinical Diagnostics, Inc., a New York corporation, and all of its Related Persons, including but not limited to, for purposes of this Settlement Agreement only, Johnson & Johnson and Johnson & Johnson Health Care Systems, Inc.

15.     "Notice and Administration Costs" means the fees and costs of the Claims Administrator and the fees and costs incurred to provide notice to the Class and to administer the settlement.

16.     "Payment of Attorneys' Fees" means the amount awarded by the Court to Class Counsel for attorneys' fees, costs and expenses.

17.     "Related Persons" means collectively and individually an entity's current or former officers, directors, partners, principals, managers, employees, agents, direct and indirect stockholders, direct and indirect parents, direct and indirect subsidiaries, affiliates, predecessors and successors, and all current and former stockholders, members, officers, directors, partners, principals, managers, employees, attorneys, agents, heirs, executors, representatives and administrators of each of the foregoing.

18.     "Released Claims" is defined as in Paragraph 35.

19.     "Releasees" shall refer jointly and severally, individually and collectively to Ortho and the respective assigns of each entity and person included within Ortho.

20.     "Releasors" shall refer jointly and severally, individually and collectively to Plaintiffs and Class Members and all of their respective Related Persons.

5

21.     "Service Awards" means the amount, if any, approved by the Court as a reasonable payment to the Plaintiff Class representatives for their assistance in prosecuting the Action.

22.     "Settlement Amount" means nineteen million five-hundred thousand dollars ($19,500,000.00 USD).

23.     "Class" shall have the same meaning as the class certified by the Court on October 19, 2015 (Doc. No. 263), which, for ease of reference, is defined herein as follows:

> All individuals and entities who purchased Traditional Blood Reagents in the United States directly from Defendants, at any time during the Class Period. Excluded from the Class are Defendants, and their respective parents, subsidiaries and affiliates, as well as any federal governmental entities.

24.     "Class Member" means each member of the Class who did not elect to be excluded from the Class by April 6, 2016, in accordance with Fed. R. Civ. P. 23 and the Court's Order Approving Forms of Class Notice and Proposed Notice Plan and Authorizing Dissemination of Class Notice (Doc. No. 274). Plaintiffs and Ortho agree that no member of the Class elected to be excluded.

25.     "Class Period" means the period from and including November 4, 2000 through and including October 19, 2015.

26.     "Settlement Fund" means the Settlement Amount, underline minus any payments made in accordance with this Settlement Agreement for costs, fees, or Taxes including, but not limited to, Notice and Administration Costs, Payment of Attorneys' Fees, Service Awards and Tax Expenses.

27.     "Taxes" means any sums due to be paid to governmental taxing authorities from the Escrow Account, including taxes, estimated taxes, interest and penalties.

6

28.     "Tax Expenses" means any and all reasonable fees and costs due to be paid to tax preparers, tax consultants or others for determining the tax liability of the Escrow Account, and otherwise assisting Class Counsel in carrying out their responsibilities under this Settlement Agreement.

**B.      Approval of this Settlement Agreement and Dismissal of Claims**

29.     Class Counsel and counsel for Ortho agree to use their reasonable best efforts to effectuate this Settlement Agreement, including but not limited to, cooperating in promptly seeking and obtaining both preliminary and final approval of this Settlement Agreement (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)), and the prompt, complete, and final dismissal with prejudice of the Action as to Ortho.

30.     Within thirty (30) business days after the execution of this Settlement Agreement, Plaintiffs shall submit to the Court a motion, to be joined in by Ortho, for preliminary approval of this Settlement Agreement, authorization to disseminate notice to the Class within thirty (30) business days of preliminary Court approval of the settlement, and for a stay of all proceedings in the Action against Ortho (the "Motion"). The Motion shall include:

(a)     the definition of the Class, as previously certified by the Court;

(b)     a statement that a material term of this Settlement Agreement is that Class Members, who were previously given an opportunity to elect to be excluded from the Class, as certified by the Court on October 19, 2015, will not have an additional "opt-out" opportunity, and that the form of notice to the Class will state so expressly;

(c)     the proposed form of, and method for, dissemination of notice to the Class, as agreed upon by Class Counsel and Ortho prior to submission of the Motion; and

(d)     a proposed form of final judgment, in substantially the form as set forth in Exhibit A hereto.

31.     Within ten (10) calendar days after the motion for preliminary approval, including this Settlement Agreement, is filed with the Court, Ortho shall cause notice of the Settlement

Agreement to be served upon appropriate State and Federal officials as provided in the Class

Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Class Counsel agrees that it will make

commercially reasonable efforts to assist Ortho in gathering materials required to be sent to

appropriate Federal and State officials pursuant to CAFA, including directing the Claims

Administrator to provide a reasonable estimate of the number of Class Members residing in each

State.

        32.      Upon preliminary approval of the settlement, Class Counsel shall, in accordance

with Rule 23 of the Federal Rules of Civil Procedure and the Court's order:

      (a)      provide those members of the Class who have been identified by reasonable means with notice by first class mail, in a form to be approved by the Court, of the settlement and the date of the hearing scheduled by the Court to consider the fairness, adequacy and reasonableness of the proposed settlement (the "Settlement Hearing"); and

      (b)      take all necessary and appropriate steps to ensure that notice of the Settlement Hearing is provided.

        33.      Class Counsel shall submit a motion for final approval of the Settlement

Agreement by the Court after notice is given to the members of the Class of the Settlement

Hearing and no less than two weeks before the Settlement Hearing. If the Court approves the

Settlement Agreement, Class Counsel shall seek entry of an order and final judgment, which,

*inter alia*, includes the following findings:

      (a)      as to the Action, approving finally this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

      (b)      directing that, as to Ortho, the Action be dismissed with prejudice *and,* except as provided for in this Settlement Agreement, without costs;

      (c)      discharging and releasing Ortho from all claims as specified in Paragraph 35 herein;

(d)     reserving exclusive jurisdiction over the settlement and this Settlement Agreement, including the administration and consummation of this settlement; and

(e)     determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Ortho shall be final and entered forthwith.

34.     This Settlement Agreement shall become final ("Effective Date") on the date that:

(a)     the Court has entered a final judgment order approving this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action as against Ortho with prejudice as to all Class Members and, except for provided in this Settlement Agreement, without costs; and

(b)     the time for appeal or to seek permission to appeal from the Court's approval of this Settlement Agreement and entry of a final judgment as described in clause (a) above has expired or, if appealed, approval of this Settlement Agreement and the final judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times. On the Execution Date of this Settlement Agreement, Plaintiffs and Ortho shall be bound by its terms, and this Settlement Agreement shall not be rescinded unless in accordance with terms provided herein.

**C.     Release and Discharge**

35.     Upon the occurrence of the Effective Date, and in consideration of payment of the Settlement Amount, as specified in Section D of this Settlement Agreement, and for other valuable consideration recited herein, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, rights, assertions, allegations, causes of action, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, debts, liabilities, judgments, and remedies, whether class, individual, or otherwise in nature, that Releasors, or anyone of them, ever had, now has, or hereafter can, shall,

or may have against the Releasees, whether known or unknown, on account of or arising out of the facts, occurrences, transactions or other matters alleged in the Action or in complaints containing the same allegations with respect to any Blood Reagents purchased within, to, or from the United States before and during the period from November 4, 2000 through and including the Execution Date, including without limitation any claims which arise under any United States federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, unjust enrichment, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.* (the "Released Claims"). Nothing herein shall be construed to release any individual claims relating to any product defect, negligence, breach of contract, or similar claim arising in the ordinary course of business between the parties involving Blood Reagents. The Releasors shall not, after the Effective Date, seek to recover against any of the Releasees for any of the Released Claims.

**D.      Payments**

36.      Ortho shall pay or cause to be paid the Settlement Amount of nineteen million five-hundred thousand dollars ($19,500,000.00 USD) in settlement of the Action. The Settlement Amount shall be wire transferred into the Escrow Account by Ortho or its designee within thirty (30) business days after the Court's preliminary approval of the settlement. Ortho's only payment obligation is to pay the Settlement Amount. Other than the payment of the Settlement Amount, Ortho shall have no responsibility, in whole or in part, for any costs, expenses, or fees of any of Plaintiffs' or Class Members' respective attorneys, experts, advisors, agents, or representatives.

37.      Each Class Member shall look solely to the Settlement Fund for settlement and satisfaction, as provided herein, of all Released Claims. As this is not a claims-made settlement, no portion of the Escrow Account may revert to Ortho under any circumstances after the

Effective Date. If, after the initial distribution of the Settlement Fund, there remain unclaimed

funds, Class Counsel, in its sole discretion and in consultation with KCC, shall determine if there

are sufficient funds to make a second distribution practicable. If there are insufficient funds to

make a second distribution practicable, Class Counsel agree to engage in good faith discussions

with Ortho to reach an agreed-upon recommendation of an appropriate *cy pres* recipient to

present to the Court for approval.

38.     Upon approval of the Court, Class Counsel shall receive reimbursement for

Payment of Attorneys' Fees, if any, from the Settlement Amount. At any time following a Court

award of Payment of Attorneys' Fees, the Escrow Agent shall, upon request of Class Counsel,

disburse such amount in accordance with written instructions received from Class Counsel.

39.     Ortho agrees not to object, subject to an order of the Court in the Action, to the

payment to Class Counsel of Payment of Attorneys' Fees out of the Settlement Amount upon the

Effective Date. Disbursement of such amounts shall not be delayed by reason of any appeal of

the final judgment referred to in Paragraph 34 above; provided, however, if the Court's award of

fees, costs, and expenses is vacated, reversed, or reduced on or as a result of an appeal, Class

Counsel shall within ten (10) business days after receiving written notice from the Court of such

vacatur, reversal, or reduction, make a refund to the Escrow Account in the Action in the amount

of such vacatur, reversal, or reduction, with interest, and less taxes thereon, and further provided

that if Ortho elects to rescind the Settlement Agreement as described in Paragraph 44, Class

Counsel shall within ten (10) business days after receiving notice from Ortho of such rescission,

make a refund to the Escrow Account for the Payment for Attorneys' Fees in the Action in the

amount of any such fees, costs, and expenses, with interest, and less taxes thereon. The interest

rate applicable to any refund made to the Escrow Account pursuant to this Paragraph shall be the

11

same interest rate earned by the Escrow Account during the period between the payment of approved attorneys' fees, costs, and expenses and any such refund.

40.     Notice and Administration Costs shall be taken from the Settlement Amount, and Ortho shall bear no responsibility for such costs other than payment of the Settlement Amount. Disbursements for payment of Notice and Administration Costs may be made from the Settlement Amount upon written notification by Class Counsel to the Escrow Agent. Disbursements for any payments and expenses incurred in connection with taxation matters relating to this Settlement Agreement may be made from the Settlement Amount.

41.     If Ortho or Plaintiffs rescind or terminate this Settlement Agreement pursuant to Paragraph 44, or if the Settlement Agreement does not receive final approval from the Court for any reason, the amount returned to Ortho shall be any and all amounts then constituting the Settlement Fund (including all accrued interest, but not including any amounts needed to pay for Taxes, Tax Expenses and/or Notice and Administration Expenses that have been properly incurred, but not yet paid). Plaintiffs and Ortho agree to use their best efforts to effectuate reasonable notice as cost effectively as possible.

42.     Except as otherwise provided in this Settlement Agreement, the approval of the Court in the Action shall be required prior to the distribution of any monies from the Escrow Account.

43.     The Escrow Account shall be invested in a U.S. Treasury Money Market Fund, mutually agreed to by the parties. All interest earned on the Settlement Fund shall become and remain part of the Settlement Fund.

**E.     Rescission if the Settlement Agreement is Not Finally Approved**

44.     If the Court declines to approve this Settlement Agreement or any material part hereof; or if such approval is materially modified or set aside on appeal; or if the Court does not

enter the final judgment and order; or if the Court enters the final judgment and order and appellate review is sought and, on such review, such final judgment and order is not affirmed; then Ortho and Plaintiffs shall each, in their respective sole discretion, have the option to rescind this Settlement Agreement in its entirety, and any and all amounts then constituting the Settlement Fund (including all accrued interest, but not including any amounts needed to pay for Taxes, Tax Expenses and/or Notice and Administration Expenses that have been properly incurred, but not yet paid) shall be returned forthwith to Ortho, less only such disbursements properly made in accordance with this Settlement Agreement and not subject to refund pursuant to Paragraph 41. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Amount or any plan of allocation of the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or such final judgment.

45.     Ortho and Plaintiffs expressly reserve all of their respective rights to the extent that the Effective Date does not occur or if the Settlement Agreement is rescinded or terminated pursuant to Paragraph 44 of this Settlement Agreement.

**F.     Taxes**

46.     Class Counsel shall be solely responsible for directing the Claims Administrator to file all informational and other tax returns necessary to report any taxable and/or net taxable income earned by the Escrow Account. Further, Class Counsel shall be solely responsible for directing the Escrow Agent to make any tax payments, including interest and penalties due, on income earned by the Escrow Account. Class Counsel shall be entitled to direct the Escrow Agent to pay customary and reasonable Tax Expenses, including professional fees and expenses incurred in connection with carrying out their responsibilities as set forth in this Paragraph, from the Escrow Account by notifying the Escrow Agent in writing. Ortho shall have no responsibility

13

to make any tax filings on behalf of the Escrow Account, and shall have no responsibility to pay

Taxes on any income earned by the Escrow Account, or to pay any Taxes with respect thereto

unless the settlement is not consummated and the Settlement Amount is returned to Ortho. Other

than as specifically set forth herein, Ortho shall have no responsibility for the payment of Taxes

or Tax Expenses and Class Counsel shall hold Ortho harmless with respect to any taxes arising in

connection with the Escrow Account.

47.     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended,

and the regulations promulgated thereunder, the "Administrator" of the Escrow Account shall be

the Claims Administrator, who shall timely and properly file or cause to be filed on a timely

basis, all tax returns necessary or advisable with respect to the Escrow Account (including

without limitation all income tax returns, all informational returns, and all returns described in

Treas. Reg. § 1.468B-2(1)).

48.     The parties to this Settlement Agreement and their counsel shall treat, and shall

cause the Claims Administrator to treat, the Escrow Account as being at all times a "qualified

settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The parties, their counsel, the

Claims Administrator, and the Escrow Agent agree that they will not ask the Court to take any

action inconsistent with the treatment of the Escrow Account in such manner. In addition, the

Claims Administrator and, as required, the parties shall timely make such elections as necessary

or advisable to carry out the provisions of this Paragraph, including the "relation-back election"

(as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date. Such elections shall

be made in compliance with the procedures and requirements contained in such regulations. It

shall be the responsibility of the Claims Administrator timely and properly to prepare and deliver

the necessary documentation for signature by all necessary parties and thereafter to cause the

appropriate filing to occur. All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

**G.     Miscellaneous**

49.      For the purpose of construing or interpreting this Settlement Agreement, Plaintiffs and Ortho agree that it is to be deemed to have been drafted equally by all parties hereto and shall not be construed strictly for or against any party.

50.      Plaintiffs waive California Civil Code Section 1542 and similar provisions in other states. Plaintiffs certify that they are aware of and have read and reviewed the following provisions of California Civil Code, Section 1542 ("Section 1542"): "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The provisions of the release set forth above shall apply according to their terms, regardless of provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction. Plaintiffs hereby expressly waive and relinquish any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above.

51.      This Settlement Agreement, including Exhibit A attached hereto, shall constitute the entire agreement between Plaintiffs and Ortho pertaining to the settlement of the Action against Ortho and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and Ortho in connection therewith.

52.     All terms of the Settlement Agreement are contractual and not mere recitals. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Releasors and Releasees. Without limiting the generality of the foregoing: (a) each and every covenant and agreement made herein by Plaintiffs shall be binding upon all Class Members and Releasors, and (b) each and every covenant and agreement made herein by Ortho shall be binding upon all Releasees.

53.     If Class Counsel, Releasors and/or Releasees intend to announce or otherwise disclose the fact of this settlement or its terms through a press release, at least three business days prior to the announcement or disclosure (or within a time frame that is commercially reasonable), they shall provide each other a copy of the press release and an opportunity to comment on such release. For purposes of this Paragraph, the term "press release" means a formal statement issued to the press. The term "press release" does not include conversations with the press in response to a press inquiry.

54.     Nothing expressed or implied in this Settlement Agreement is intended to or shall be construed to confer upon or give any person or entity other than Plaintiffs, Class Members, Ortho, Releasors, and Releasees any right or remedy under or by reason of this Settlement Agreement.

55.     This Settlement Agreement may be modified or amended only by a writing jointly executed by Class Counsel and counsel for Ortho, subject (if after preliminary or final approval by any court) to approval by the Court. Amendments and modifications may be made without notice to the Class unless notice is required by law or by the Court.

56.     All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of Pennsylvania without regard to its choice of law or conflict of law principles.

57.     This Settlement Agreement may be executed in counterparts by Plaintiffs and Ortho, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

58.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement, subject to Court approval; and the undersigned Class Counsel represent that they are authorized to execute this Settlement Agreement on behalf of Plaintiffs and the Class. Each of the undersigned attorneys shall use their best efforts to effectuate this Settlement Agreement.

59.     Where this Settlement Agreement requires any party to provide notice or any other communication or document to any other party, such notice, communication, or document shall be provided by facsimile or letter by overnight delivery at the address(es) reflected on the signature pages.

60. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement.

Dated: June 13, 2018

By: _____
Eugene A. Spector
Jeffrey L. Kodroff
Jeffrey J. Corrigan
Rachel E. Kopp
Jeffrey L. Spector
Len A. Fisher
**SPECTOR, ROSEMAN & KODROFF, P.C.**
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611

*Class Counsel*

By: _____
Paul H. Saint-Antoine
Joanne C. Lewers
Richard E. Coe
**DRINKER BIDDLE & REATH LLP**
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Tel: (215) 988-2700
Fax: (215) 988-2757

*Counsel for Ortho-Clinical Diagnostics, Inc.*

18

EXHIBIT A

Form of Final Judgment Order

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: BLOOD REAGENTS ANTITRUST LITIGATION | MDL Docket No. 09-2081 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | HON. JAN E. DUBOIS |

### [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL GRANTING FINAL APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT

This Court having considered the Settlement Agreement dated June 13, 2018, including all Exhibits thereto (the "Settlement Agreement") between the Plaintiff class representatives F. Baragaño Pharmaceuticals, Inc., Community Medical Center Health Care System, Professional Resources Management of Crenshaw LLC d/b/a Crenshaw Community Hospital, Douglas County Hospital, Health Network Laboratories L.P., Larkin Community Hospital, Legacy Health System, Mary Hitchcock Memorial Hospital Inc., Regional Medical Center Board d/b/a Northeast Alabama Regional Medical Center, Sacred Heart Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Anthony's Memorial Hospital, of the Hospital Sisters of the Third Order of St. Francis, St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Francis Hospital, of the Hospital Sisters of the Third Order of St. Francis, St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Joseph's Hospital, Breese, of the Hospital Sisters of the Third Order of St. Francis, St. Joseph's Hospital of the Hospital Sisters of the Third Order of St. Francis (Chippewa Falls), St. Joseph's Hospital, of the Hospital Sisters of the Third Order of St. Francis (Highland), St. Mary's Hospital Medical Center of Green Bay, Inc., St. Mary's Hospital, Streator, of the Hospital Sisters of the Third Order of St.

Francis, St. Mary's Hospital, Decatur, of the Hospital Sisters of the Third Order of St. Francis,

St. Nicholas Hospital of the Hospital Sisters of the Third Order of St. Francis, St. Vincent

Hospital of the Hospital Sisters of the Third Order of St. Francis, Schuylkill Medical Center -

East Norwegian Street, Schuylkill Medical Center - South Jackson Street, and Warren General

Hospital (collectively "Plaintiffs") and all Class Members in the above-captioned case, and

Defendant Ortho-Clinical Diagnostics, Inc., ("Ortho"); and having held a hearing on,

[_____], 2018; having considered all of the submissions and arguments with respect

thereto, and otherwise being fully informed and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.      This Final Judgment and Order of Dismissal incorporates herein and makes a part

hereof, the Settlement Agreement, including Exhibit A thereto. Unless otherwise provided

herein, the terms defined in the Settlement Agreement shall have the same meanings for

purposes of this Final Judgment and Order of Dismissal.

2.      The Court has personal jurisdiction over all Plaintiffs, Class Members and Ortho,

and has subject matter jurisdiction to approve the Settlement Agreement.

3.      The Settlement covers the Class that the Court certified for all purposes in this

Action, which consists of:

> All individuals and entities who purchased Traditional Blood Reagents in the
> United States directly from Defendants, at any time during the Class Period.
> Excluded from the Class are Defendants, and their respective parents, subsidiaries
> and affiliates, as well as any federal governmental entities.

4.      The Class has received Notice in the manner approved by the Court in its Order of

_____ (Docket No. __). The Court finds that such Notice: (i) constitutes reasonable and the

best practicable notice; (ii) constitutes notice that is reasonably calculated, under the

circumstances, to apprise Class Members of the terms of the Settlement, Class Members' right to

- 2 -

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL GRANTING
FINAL APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT**

object to the Settlement and to appear at the Settlement fairness hearing ("Fairness Hearing"); (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

5.      No individuals or entities, other than those listed on Exhibit A hereto, have excluded themselves from the Class. This Order shall have no force or effect on the persons or entities listed on Exhibit A hereto.

6.      The Court finds that extensive arm's-length negotiations have taken place in good faith between Class Counsel and counsel for Ortho – all of whom have significant experience litigating antitrust class actions, facilitated by a professional mediator, and resulted in the Settlement Agreement.

7.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally approves in all respects the Settlement set forth in the Settlement Agreement (the "Settlement") and finds that the Settlement and the Settlement Agreement are, in all respects, fair reasonable and adequate, and in the best interest of the Class. The Court further approves the establishment of the Settlement Fund under the terms and conditions set forth in the Settlement Agreement. The parties are hereby directed to implement and consummate the Settlement according to its terms and provisions of the Settlement Agreement. In addition, the parties are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement as (i) shall be consistent in all material respects with this Final Judgment and Order of Dismissal, and (ii) do not limit the rights of Class Members.

8.      As stated in this Court's Order of _____ (Docket No. ___) preliminary approving the Settlement, the Court grants Class Counsel the right to continue to make withdrawals from the Escrow Account as appropriate for payment of the cost of notice(s) to

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL GRANTING FINAL APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT**

Class Members regarding the Settlement Agreement and related matters, taxes payable on the Escrow Funds, and other costs and expenses reasonably incurred in connection with the administration of the Settlement Agreement (the "Notice and Administrative Costs" and "Tax Expenses"), without the approval of the Court in each instance, so long as (a) the Notice and Administrative Costs and/or Tax Expenses incurred or contracted for are reasonable and necessary to carrying out the transactions contemplated by the Settlement Agreement, and (b) counsel to Ortho shall receive from Class Counsel a full accounting of all expenditures made from the Escrow Funds in the event such funds are returned to Ortho under the terms of the Settlement Agreement.

9.     The above-captioned case is hereby dismissed with prejudice and without costs to any party.

10.     Ortho, jointly and severally, individually and collectively, and the respective assigns of each entity and person included within Ortho, including current or former officers, directors, partners, principals, managers, employees, agents, direct and indirect stockholders, direct and indirect parents, direct and indirect subsidiaries, affiliates, predecessors and successors, and all current and former stockholders, members, officers, directors, partners, principals, managers, employees, attorneys, agents, direct and indirect stockholders, heirs, executors, representatives and administrators of each of the foregoing (the "Releasees"), shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, rights, assertions, allegations, causes of action, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, debts, liabilities, judgments, and remedies, whether class, individual, or otherwise in nature, that Plaintiffs and Class Members, jointly and severally, individually and collectively, and all of their respective current or former officers,

- 4 -

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL GRANTING
FINAL APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT**

directors, partners, principals, managers, employees, agents, direct and indirect stockholders, direct and indirect parents, direct and indirect subsidiaries, affiliates, predecessors and successors, and all current and former stockholders, members, officers, directors, partners, principals, managers, employees, agents, heirs, executors, representatives and administrators of each of the foregoing ("Releasors"), or anyone of them, ever had, now has, or hereafter can, shall, or may have against the Releasees, whether known or unknown, on account of or arising out of the facts, occurrences, transactions or other matters alleged in the Action or in complaints containing the same allegations with respect to any Blood Reagents purchased within, to, or from the United States before and during the period from November 4, 2000 through and including the Execution Date, including without limitation any claims which arise under any United States federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, unjust enrichment, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.* (the "Released Claims"). As provided for in the Settlement Agreement, "Ortho," for purposes of this Paragraph, shall include Johnson & Johnson and Johnson & Johnson Health Care Systems, Inc. Nothing herein shall be construed to release any individual claims relating to any product defect, negligence, breach of contract, or similar claim between the parties involving Blood Reagents. The Releasors shall not, after the Effective Date, seek to recover against any of the Releasees for any of the Released Claims.

11. Nothing in this Final Judgment and Order of Dismissal, the Settlement, or the Settlement Agreement is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing.

12. Without affecting the finality of this Final Judgment and Order of Dismissal, the Court retains continuing and exclusive jurisdiction over all matters relating to administration,

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL GRANTING FINAL APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT**

consummation, enforcement and interpretation of the Settlement Agreement and of this Final Judgment and Order of Dismissal, to protect and effectuate this Final Judgment and Order of Dismissal, and for any other necessary purpose. Ortho, Plaintiffs and each Class Member are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including the Exhibits thereto. Without limiting the generality of the foregoing, and without affecting the finality of this Final Judgment and Order of Dismissal, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

13.     In the event that the Settlement does not become effective according to the Settlement Agreement, this Final Judgment and Order of Dismissal shall be rendered null and void as provided by the Settlement Agreement, shall be vacated and, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.


SO ORDERED this _____ day of _____, 201_.


_____
HONORABLE JAN E. DUBOIS
DISTRICT COURT, EASTERN DISTRICT OF
PENNSYLVANIA

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL GRANTING FINAL APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT**