IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: BLOOD REAGENTS ANTITRUST LITIGATION | MDL Docket No. 09-2081 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

## ORDER

**AND NOW**, this 25th day of April, 2023, upon consideration of Plaintiffs' Motion For *Cy Pres* Distribution Of Remaining Net Settlement Fund (ECF No. 482), I note as follows.

1. On October 25, 2018, the Court entered its Final Judgment And Order Of Dismissal Granting Final Approval To Proposed Class Action Settlement (ECF No. 462) as to Plaintiffs, the Class Members, and Defendant Ortho-Clinical Diagnostics, Inc. and approved the Parties' Plan Of Distribution (ECF No. 463).

2. Since then, the claims administrator, KCC Class Action Services, LLC, has made two distributions to Authorized Claimants. In total, KCC has distributed $23,266,550.06 to 2,358 Authorized Claimants. As of today, $28,917.46 remains in the Qualified Settlement Fund.

3. It would cost approximately $10,000 for KCC to make a third distribution of these funds, leaving a little less than $19,000 to be distributed to Authorized Claimants.

If a third distribution is made, the average payment would be about $18.  I agree that at this stage of the settlement process, the costs of making a third distribution (roughly 1/3 of the remaining funds) make any further distribution impractical and inefficient.

    4.    The governing Settlement Agreement permits the Parties to present an agreed-upon recommendation of a *cy pres* recipient to the Court for approval, in the event that any further distributions would be impractical.  (ECF No. 458-2 at ¶ 37.)  "Courts have approved *cy pres* funds in settlements in at least two circumstances[:]" (1) "when it is economically infeasible to distribute money to class members" and (2) "when money remained from the defendant's payout after money for damages had been distributed to class members."  *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 34 (1st Cir. 2009) (citations omitted).  In these circumstances, "courts have approved giving money unclaimed after payout to class members to charities related to the plaintiffs' injuries."  *Id.* (citation omitted).

    5.    In this instance, where money remains after two distributions and it is not economically feasible to attempt a third distribution, The Leukemia & Lymphoma Society ("LLS") is an appropriate *cy pres* recipient of the remaining funds.  LLS is the largest nonprofit funder of blood cancer research in the United States, and supports purchasers of blood reagents (like Plaintiffs and the Class Members) as a leader in advancing breakthroughs in treating various blood cancers.  Given its nationwide mission, LLS is an appropriate *cy pres* recipient for this case, and it is likely that LLS will put the remaining

$28,917.46 to greater use than the $18 that the Authorized Claimants would receive if a third distribution is made.

In light of the foregoing, it is **ORDERED** that Plaintiffs' Motion For Cy Pres Distribution Of Remaining Net Settlement Fund (ECF No. 482) is **GRANTED**, and KCC shall disburse the net residual amount of $28,917.46 to The Leukemia & Lymphoma Society ("LLS"), on or before May 26, 2023.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.